IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NATASHA WALKER JONES**                                             **PLAINTIFF**

v.                            Case No. 4:23-cv-392-JM

**ARKANSAS DEPARTMENT OF HEALTH**                       **DEFENDANT**

## ORDER

On April 28, 2023, I granted Plaintiff Natasha Walker Jones's petition to proceed *in forma pauperis* and screened her Complaint. (Doc. 4). Noting that her allegations were insufficiently pleaded, I gave Jones an opportunity to amend her complaint. While Jones has timely filed an Amended Complaint (Doc. 5), she failed to reattach her EEOC documents to it. (Doc. 5). Despite this oversight, I will screen the Amended Complaint together with her original Complaint. *See* 28 U.S.C. § 1915(e)(2).

"A *pro se* plaintiff must set forth enough factual allegations to 'nudge [] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). While *pro se* complaints must be reviewed liberally, *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004), the complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Jones brings this employment action under federal discrimination laws alleging that she suffered workplace discrimination, harassment, retaliation, and ultimately was fired on October 10, 2022, because of her disability (lupus), race (African American), religion (7th Day Adventist),

and national origin (American). (Doc. 2). Jones filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on January 23, 2023. (*Id*. at 6). The EEOC denied her claim and issued a right-to-sue letter was issued January 27, 2023. (*Id*. at 4). Jones timely brought this case on April 27, 2023.

In her Amended Complaint, Jones states that she began working as a Public Information Manager for the Arkansas Department of Health on May 31, 2022. (Doc. 5 at 1). Jones reported to supervisors Meg Mirivel, a white female, and to Dr. ChyChy Smith, an African American female. (*Id*. at 2). In the weeks and months that followed, Jones noticed white employees were given more liberties than she. As examples, Jones states that white employees were allowed to work from home, keep their office doors closed, and come in late without backlash—all things Jones was told she could not do. (*Id*. at 1–16). Jones says "[e]mployees were allowed to harass me with impunity. (*Id*. at 4). Jones reported her concerns to her supervisors, noting a number of microaggressions and behaviors that she deemed harassing. (*Id*. at 1–16).

Jones was reprimanded by Smith and Mirivel on July 25, 2022 for disregarding feedback, participating in disrespectful and inappropriate conversations, and for disruptive behavior. (*Id*. at 6–8). Jones challenges the facts supporting the reprimand. (*Id*.). Dissatisfied with the lack of response to her harassment complaints, on August 5, 2022, Jones reported to ADH CFO Jo Thompson, an African American female, that she had been subjected to ongoing harassment. (*Id*. at 14). Whether Thompson took any action is unclear, but Jones was demoted just three days later, on August 8, 2022. (*Id*. at 12). Jones was then terminated by Mirivel in October 2022, despite Smith's and Mirivel's repeated assurances to Jones throughout her employment that there were no problems with her work. (*Id*. at 8, 13).

Having reviewed the Complaint and Amended Complaint, I find nothing in Jones's

pleadings supports her claims that she was discriminated against because of her gender or religion. Those claims are dismissed. Nevertheless, liberally construing her pleadings, I find that Jones has sufficiently pleaded race related discrimination and retaliation claims. These claims will be served.

Jones also asserts that she was discriminated against because of her disability, lupus. To establish a *prima facie* case of disability discrimination under the ADA, Jones must show: (1) that she is a disabled person within the meaning of the ADA; (2) that she was qualified to perform the essential functions of her position; and (3) that she suffered an adverse employment decision under circumstances that give rise to an inference of discrimination. *Evans v. Cooperative Response Center, Inc.*, 996 F.3d 539, 544 (8th Cir. 2021). Jones has not met this burden. Jones reports asking for parking accommodations due to difficulty walking far distances. (*Id*.at 10–12). According to Jones, she was told that her request had been received and would be considered after the human resources department had concluded an audit. (*Id*. at 11). Jones offers nothing to establish that her request for a parking accommodation led to her termination. Accordingly, Jones's ADA claim is dismissed.

The Clerk of the Court is directed to prepare a summons for service upon Defendant to be served pursuant to Fed. R. Civ. P. 4(j)(2)(B) and Ark. R. Civ. P. 4(f)(12) to Arkansas Attorney General Tim Griffin, 323 Center St., Little Rock, AR 72201. The Clerk of the Court should deliver the summons, along with a copy of the Complaint, Amended Complaint, and this Order, to the United States Marshal for the Eastern District of Arkansas for service on Defendant, consistent with the provisions of Rule 4 of the Federal Rules of Civil Procedure.

Jones must be familiar and comply with all Federal Rules of Civil Procedure as well as the Local Rules of this Court. In particular, Local Rule 5.5(c)(2) instructs *pro se* parties that it is their responsibility to notify the Clerk of the Court and other parties of any change in address, to monitor the progress of the case, and to prosecute or defend the action diligently. *Pro se* parties should sign

all pleadings and include their address and telephone number with the signature. If any communication from the Court to a *pro se* party is not responded to within thirty (30) days, the case may be dismissed without prejudice.

    IT IS SO ORDERED this 15th day of August, 2023.

                                          _____
                                          UNITED STATES DISTRICT JUDGE